UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00294

**Jalil Rajaii Floyd,**
*Plaintiff,*

v.

**Bobby Lumpkin et al.,**
*Defendants.*

# ORDER

Plaintiff Jalil Floyd, an inmate of the Texas Department of Criminal Justice, proceeding pro se, filed this civil action complaining of alleged deprivations of his constitutional rights. Plaintiff has previously filed at least three lawsuits or appeals that were dismissed as frivolous or for failure to state a claim upon which relief may be granted, and thus may not proceed *in forma pauperis* without showing of imminent danger of serious bodily injury under 28 U.S.C. § 1915(g).

Plaintiff complains of an incident occurring on April 9, 2022, when another inmate assaulted him with a can top that he had apparently obtained from a kitchen trash bin. Plaintiff claims that the trash bin remained full and accessible to inmates a few weeks after the incident, despite the prison's having made "incremental changes" to the trash-disposal area after plaintiff filed his grievances. Plaintiff further asserts that the Powledge Unit is not equipped to handle violent prisoners because it lacks adequate metal detectors or screening devices like those found at higher-security units. Despite these purported security shortcomings, violent prisoners are nevertheless held at the Powledge Unit, plaintiff claims, under a "de facto policy" to use the allegedly short-staffed prison to house violent offenders.

After review of the pleadings, the magistrate judge issued a report recommending that plaintiff be denied *in forma pauperis* status and that the lawsuit be dismissed under 28 U.S.C.

§ 1915(g). The magistrate judge observed that plaintiff's allegations about the assault represented a past, not present, danger and thus do not fall within the imminent-danger exception. Plaintiff submitted documents indicating that his assailant was transferred to another unit and thus no longer poses an imminent threat to him. Plaintiff complaints that "de facto policies," including the housing of violent inmates at the Powledge Unit and the storage of kitchen refuse, placed him in imminent danger. Yet the magistrate judge concluded that this theory, if accepted, would create a situation in which plaintiff was in imminent danger at all times and under all circumstances so long as he remained at the Powledge Unit, thus providing him with a blanket exception to § 1915(g). The magistrate judge determined that this theory was untenable and insufficient to invoke the imminent danger exception.

Plaintiff filed objections on September 2, 2022, but then filed a motion for leave to file amended objections in which he requested that the first objections he filed be stricken. This motion for leave to file amended objections (Doc. 16) is granted.

In his amended objections, plaintiff states that he is challenging a "de facto policy" that led to unconstitutional prison conditions. He identifies this policy as set out in Tex. Gov. Code § 501.112, which prohibits mixing inmates of different custody classifications unless appropriate justification is provided by the unit classification committee or the state classification committee until sufficient beds become available to house inmates in the manner required for more than 30 days.

Plaintiff does not directly controvert the magistrate judge's conclusion that his "de facto policy" theory would effectively mean that he and every other inmate at the Powledge Unit is in imminent danger at all times and under all circumstances and thus effectively exempt from the statute. This court and others have rejected arguments similar to plaintiff's. *See Calton v. Wright*, No. 6:12-cv-00344, 2012 WL 3135682 (E.D. Tex., June 29, 2012), *report accepted at* 2012 WL 3135675 (E.D. Tex., Aug. 1,

2012); *Althouse v. Murray*, No. 6:11-cv-00608, 2011 WL 7403058 (E.D. Tex., Nov. 18, 2011), *report accepted at* 2012 WL 555411 (E.D. Tex., Feb. 17, 2012). Plaintiff argues that the prospective relief he seeks would settle this issue. Yet before that relief can be considered, plaintiff must first overcome the § 1915(g) bar.

Plaintiff cannot overcome this bar. He argues that § 1915(g) says nothing about limiting the substance of prisoners' claims. For this proposition, he cites a decision from the Southern District of Texas in which the court found imminent danger based on a prisoner's allegation that inmates involved in organized crime were continuously attempting to kill him. *Cain v. Jackson*, No. C-07-354, 2007 WL 2787979 (S.D. Tex., Sept. 24, 2007). Plaintiff also cites *Ashley v. Dilworth*, 147 F.3d 715 (8th Cir. 1998), in which the court found that a prisoner was in imminent danger because he was repeatedly moved close to a specific, known enemy who had assaulted him on more than one occasion, including shortly before filing suit. Plaintiff's claims, by contrast, present little more than a generalized fear of possible future harm, which is not enough to show imminent danger within the meaning of § 1915(g). *Abdul-Akbar*, 239 F.3d at 315; *Parker v. Montgomery Cnty. Corr. Facility/Bus. Office Manager*, 870 F.3d 144, 154 n.12 (3rd Cir. 2017). Plaintiff's objections are thus without merit.

Having reviewed the magistrate judge's report and the objections de novo, the court overrules the plaintiff's objections and accepts the report's findings and recommendations. The court dismisses this civil action with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as presented in this action but without prejudice as to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $402.00 filing fee. If plaintiff pays the full filing fee within 15 days of the date of dismissal of this lawsuit, he shall be allowed to proceed as though the full fee had been paid from the outset.

- 4 -

*So ordered by the court on October 5, 2022.*

_____
J. CAMPBELL BARKER
United States District Judge